IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID ORTA**<br>1986 Gatewood Lane<br>Bethlehem, PA 18010<br><br>*Plaintiff,*<br><br>vs.<br><br>**WHELAN SECURITY CO.** *d/b/a*<br>**GARDAWORLD SECURITY SERVICES**<br>1699 S. Hanley Road, Suite 350<br>St. Louis, MO 63144<br><br>-and-<br><br>**GARDAWORLD SECURITY CORP.**<br>*d/b/a* **GARDAWORLD**<br>1699 S. Hanley Road, Suite 350<br>St. Louis, MO 63144<br><br>*Defendants.* | No. _____<br><br>CIVIL ACTION<br><br>**JURY DEMANDED** |

## CIVIL ACTION COMPLAINT

David Orta (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Plaintiff against Whelan Security Co. *d/b/a* Gardaworld Security Services and GardaWorld Security Corp. *d/b/a* GardaWorld (*hereinafter* collectively referred to as "Defendants") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*) and the Pennsylvania Human Relations Act

1

("PHRA").[1] Plaintiff asserts, *inter alia*, that he was unlawfully discriminated against and terminated from Defendants. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations of civil rights under the FMLA and the ADA.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing and dual-filing her Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-

---

[1] Plaintiff's claim under the PHRA is referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue letter under the ADA. Plaintiff's PHRA claims however will mirror identically his federal claims under the ADA.

sue letter from the EEOC.

**PARTIES**

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant Whelan Security Co. *d/b/a* Gardaworld Security Services (*hereinafter* "Defendant Whelan") and Defendant GardaWorld Security Corp. *d/b/a* GardaWorld (*hereinafter* "Defendant GardaWorld") collectively employ greater than 50,000 employees and provide an array of security-related services, including security guard contracting.

9. Defendant Gardaworld acquired Defendant Whelan and since such acquisition, the two entities have operated from the same location and headquarters (as listed in the caption) and use business names interchangeably.

10. Defendants use overlapping employees to work at Defendants, use overlapping management, and operate as a single business (sharing corporate and business resources).[2]

11. Defendants were a single, joint and/or integrated employer of Plaintiff (for all statutory purposes herein).

12. At all times relevant herein, Defendants acted by and through their agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

---

[2] Defendants had authority to hire and fire employees (including Plaintiff); Defendants had authority to promulgate work rules and assignments and set employees' conditions of employment, compensation, benefits and work scheduling, including the rate and method of payment (for employees including Plaintiff); Defendants had day-to-day involvement in employee supervision (including supervision of Plaintiff); Defendants had control of employee records (including Plaintiff's records), sufficient that Defendants were a single, joint and/or integrated employer of Plaintiff (for all statutory purposes herein)

**FACTUAL BACKGROUND**

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff was hired by Defendants in or about September 2023 as a Security Guard who was placed to work at a third-party site.

15. Plaintiff worked for Defendants for approximately eight (8) months total until his unlawful termination, discussed in detail *infra*.

16. The third-party for whom Plaintiff was assigned by Defendants to work was called Uline, Inc. (*hereinafter* "Uline") and Plaintiff was assigned to work at Uline's location in Allentown, PA – 700 Uline Way, Allentown, PA 18106.

17. Typically, between 7 to 10 of Defendants' employees worked at the Uline location, mostly security guards.

18. At the time of his termination, Plaintiff was primarily supervised by Jennifer Garcia (*hereinafter* "Garcia" – a Site Supervisor), as well as his supervisor, Eric (last name unknown – an Operations Manager).

19. To be clear, Plaintiff was not supervised or involved with personnel/employees of Uline.

20. Instead, supervision of Plaintiff and other of Defendants' employees (as security guards) was conducted by Defendants' supervisory personnel.

21. Throughout his tenure with Defendants, Plaintiff was a dedicated and hard-working employee.

22. Plaintiff suffers from disabilities including Diabetes (so significantly that he has had ongoing complications and multiple toe amputations), arthritis and back problems, as well as

4

vision complications (also in substantial part related to his Diabetic history).

23. Additionally, Plaintiff suffers from kidney disease.

24. These disabilities, at times, limit Plaintiff's ability to walk, move his joints, see, produce insulin, filter blood properly, and maintain proper kidney function, among other limitations or complications.

25. Despite these disabilities and correlating effects on daily activities, Plaintiff was able to perform the duties of his job well with Defendants; however, Plaintiff did require reasonable accommodations.

26. At times, Plaintiff required the occasional need to miss work due to his disabilities

27. Plaintiff's primary point of contact related to medically necessary absences was Garcia.

28. Plaintiff shared that he suffered from arthritis and diabetic complications with Garcia because Plaintiff sometimes walked with difficulty, sometimes moved up a set of stairs slowly, or was in visible pain.

29. Plaintiff also wanted Garcia to know if he missed a day for a health reason that it was legitimate, so he was transparent with her about why he needed any days off from work.

30. Garcia took immediate issue with Plaintiff's health and frequently said things like "again?" with a negative tone if Plaintiff required a day off for a medical reason.

31. Additionally, Garcia asked Plaintiff, "can you do this job?" in relation to Plaintiff informing Garcia he needed an eye injection or a day off for medical reasons.

32. Garcia had been demeaning towards Plaintiff and showing favoritism towards other employees.

33. Anytime Plaintiff requested any accommodation or discussed his health with

Garcia, she grunted or expressed some type of facial annoyance.

34. Plaintiff was talked down to, treated in a hostile manner, and constantly demeaned in the workplace by Garcia, directly as a result of his disabilities and need for accommodations.

35. In response to this mistreatment, Plaintiff made numerous complaints, which Plaintiff specifically attributed to negative perceptions of his health, on at least three (3) occasions in his last few months of his employment directly to Garcia, as well as to Defendants' corporate office.

36. Despite Plaintiff's complaints, upon information and belief, no investigation was done in Plaintiff's complaints, and the treatment continued.

37. Toward the end of Plaintiff's employment, Plaintiff discussed with Garcia needing a short medical leave of several weeks due to his aforementioned disabilities.

38. In response, Plaintiff's requested was outright denied and he was told he was not eligible for any type of leave unless he gave at least 30 days' notice.

39. Plaintiff requested this leave as soon as practicable and instead of engaging in the interactive process whatsoever, Plaintiff was instead abruptly terminated by Defendants on or about May 7, 2024 before he could even take any such leave.

40. At the time of his termination (which was conveyed to Plaintiff by Garcia and Eric), Eric aggressively told Plaintiff he was terminated for alleged "insubordination" with no details.

41. It is clear Eric's claim of insubordination was really a reference to complaints of health-related mistreatment in the workplace.

42. Following Plaintiff's termination from employment, Defendants contested Plaintiff's receipt of unemployment benefits.

43. In that formal process, Defendants abandoned the argument that "insubordination"

was the reason for his termination and instead argued before the Department of Labor that Plaintiff was terminated for allegedly "talking to others about discussions with management."

44. These changing reason(s) for Plaintiff's termination is evidence of pretext.

45. Despite Defendants' argument, Plaintiff was determined eligible for unemployment benefits because Defendants' management were unable to articulate any legitimate termination rationale or supposed misconduct on Plaintiff's part.

46. It is obvious Plaintiff was terminated by Defendants because of his actual or perceived health problems, his requested medical accommodations (periodic days off from work and a short medical leave), and due to his complaints of mistreatment because of his health.

47. Plaintiff performed his job very well for Defendants and even went above and beyond his job requirements at time to help Defendants. In fact, Plaintiff was extremely thorough, followed policies, and helped with Spanish translation for individuals at the location where he worked, which was not required of his job.

48. To further illustrate that Plaintiff was terminated because of his health, complaints, and accommodation needs – Defendants clearly treated Plaintiff disparately, as Defendants tolerated all kinds of poor performance or misconduct from other non-disabled/non-accommodation seeking employees at the Uline site, including but not limited to:

   a. an employee named Kevin ("Kevin") no-call, no-showed repeatedly, yet he was not terminated;

   b. an employee with the nickname "KK" was late almost every day by 5-15 minutes, which is a serious concern in security. In a single month, it was not uncommon for KK to be late at least 20 times in such a month. He was not terminated.

   c. An employee named Monique ("Monique") was utterly incompetent (as even admitted by Defendants' management numerous times). Monique refused to learn basics at work, did not even know security routes or buildings, and Plaintiff was continually told to keep an eye on her to remind her to clock in or

7

out and to ensure her patrol vehicle light bar was on. Monique ignored vehicles running stop signs, and she was sleeping on the job, and disappearing from her post, yet was not terminated.

49. In response to these employees' behaviors, Garcia would just shrug and say things like "it's hard to find good help."

50. In contrast, Plaintiff was complimented in reports from the command center for being thorough and commended on his work performance.

51. Therefore, Plaintiff believes and avers that Defendants treated him disparately and ultimately terminated him because of his disabilities, requests for accommodations, and complaints of discrimination.

### COUNT I
### Violations of the Americans with Disabilities Act, as Amended ("ADA")
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Hostile Work Environment; and [4] Failure to Accommodate)

52. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

53. Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities (set forth *supra*).

54. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendants, however, Plaintiff did require reasonable medical accommodations at times.

55. Plaintiff requested reasonable accommodations from Defendants, including but not limited to occasional time out and a short medical leave.

56. Plaintiff was subjected to a hostile work environment through discriminatory and disparate conduct, including disparate treatment by management as a result of his health conditions and requested accommodations.

57. Plaintiff's expressed concerns of unfair treatment and retaliation as a result of his aforesaid health conditions and requested accommodations to Defendants' management, but his concerns were not properly investigated or addressed.

58. Instead, Plaintiff was terminated, on May 7, 2024, in close temporal proximity to requesting/utilizing reasonable accommodations for pretextual reasons.

59. Defendants failed to accommodate Plaintiff by terminating him so he could not take his requested short medical leave.

60. Plaintiff believes and therefore avers that he was subjected to retaliation and a hostile work environment because of (1) his known and/or perceived disabilities; (2) his record of impairment; (3) his requested accommodations (set forth *supra*); (4) his expressed concerns of unfair treatment as a result of his health conditions and requested accommodations; and (5) Defendants' failure to properly accommodate his aforesaid health conditions by not granting his very reasonable accommodations/terminating him.

61. Plaintiff further believes and therefore avers that his disabilities were a motivating/determinative factor in the termination of his employment with Defendants.

62. Defendants' actions as aforesaid constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings,

salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/discrimination at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

        Respectfully submitted,

        **KARPF, KARPF & CERUTTI, P.C.**

By: _____
        Ari R. Karpf, Esq.
        Allison A. Barker, Esq.
        Eight Interplex Drive, Suite 210
        Feasterville-Trevose, PA 19053
        (215) 639-0801

Dated: January 29, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |
|---|---|
| David Orta v. Whelan Security Co. d/b/a Gardaworld Security Services, et al. | CIVIL ACTION<br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x)

| 1/29/2025 | *[signature]* | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Defendants place of business__

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.    Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts)
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. ☐ Employment
9. ☐ Labor-Management Relations
10. ☒ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ Cases Seeking Systemic Relief **see certification below**
16. ☐ All Other Federal Question Cases. *(Please specify)*:_____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)*:_____
7. ☐ Products Liability
8. ☐ All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ORTA, DAVID

### DEFENDANTS
WHELAN SECURITY CO. D/B/A GARDAWORLD SECURITY SERVICES, ET AL.

**(b)** County of Residence of First Listed Plaintiff: Lehigh
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: St. Louis
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)
Brief description of cause:
Violations of the ADA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 1/29/2025
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE